UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT BONARRIGO<br>Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 1:13-cv-12854 |
| COMCAST CORPORATION<br>Defendants, | )<br>)<br>)<br>) |  |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Scott Bonarrigo (hereinafter "Plaintiff"), an individual consumer, against Defendant for Defendant's violations of the law, including, but not limited to, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, *as amended*. (hereinafter ''FCRA'') which prohibits businesses from using deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose, and from engaging in unfair practices with respect to credit reporting, by this Defendant and its agents for the illegal manner in which Plaintiff's credit was pulled.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Since Defendant transacts business here, personal jurisdiction is established.

## III. PARTIES

4. Plaintiff, Scott Bonarrigo is a 'consumer', and was at all times pertinent hereto, as that term is defined by 15 U.S.C. § 1681a(c), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the commonwealth of Massachusetts.

5. Defendant, Comcast Corporation (hereinafter "Comcast") is a United States corporation that is foreign to this state, and regularly conducts business in this state, and whose principal place of business located in Philadelphia County, in the state of Philadelphia.

6. Defendant Comcast is an entity which is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant Comcast is a "person" as defined by FCRA 1681a(b).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  FACTUAL ALLEGATIONS

### The Impermissible Access

8. Plaintiff Scott Bonarrigo has an account with Comcast, and had called in on September 23, 2013, to switch his service to a new location as he had recently moved.

9. On or within a few days before September 25, 2013, Comcast accessed Scott Bonarrigo's consumer report, by requesting a copy of that report from the credit reporting bureau, Equifax, purportedly for an account review.

10. Upon noticing the inquiry, from an email alert from a credit monitoring service that he subscribes to on a monthly basis, on September 25, 2013, Scott Bonarrigo called Comcast to determine the reason for the inquiry. He spoke with a Comcast representative,

who at first told him the inquiry did not occur, and could not have occurred. This was a lie and also an unfair and deceptive act.

11. Scott told the representative that this could not be true, because he received an email alert from credit monitoring service that he subscribes to on a monthly basis, that he was looking at the alert, and that he knew that the unauthorized access had occurred.

12. Comcast's representative then admitted that the unauthorized access did occur. Scott then again stated that Comcast did not have his authorization or permission for that access and running of his credit. Comcast's representative later apologized, and stated that Comcast had made an error; seemingly admitting there was no permissible reason for the inquiry.

13. As a result of Defendant's conduct, which invaded Plaintiff's privacy, by intruding upon his seclusion and private affairs, Plaintiff has suffered actual damages, all of which will continue into the future to Plaintiff's detriment and loss.

14. As a result of Defendants' conduct, Plaintiff has suffered physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

15. As a result of Defendant's conduct Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit reputation and

personal reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

## V.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

16. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.  Defendants knowingly or negligently used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

18.  Defendants' conduct in obtaining Plaintiff's credit report under false pretenses violates 15 U.S.C. §1681q.

19. Defendant Comcast's conduct was a direct and proximate cause, as well as a substantial factor, in causing injuries, damages and harm to the Plaintiff, and as a result, Defendant Comcast is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as other such relief, permitted by law.

**SECOND CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**

20. Plaintiff Scott Bonarrigo repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Congress recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies such as Defendant Comcast, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

22. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or **private concerns or affairs** of Plaintiff, namely, by using deception and false pretenses to obtain Plaintiff's consumer report; by falsely representing or certifying that the report was being obtained for a permissible purpose.  Defendant thereby invaded Plaintiffs' privacy.

23. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of its business activities, thereby invading and intruding upon Plaintiff's right to privacy.

24. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

25. The conduct of this Defendant and its agents, in engaging in the above-described conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

26. Defendant's acts as described above were done intentionally with the purpose of obtaining Plaintiff's consumer report.

27. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

### THIRD CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

28. Plaintiff Scott Bonarrigo incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants vis-a-via Scott were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.  At the very least, it constitutes the negligent infliction of emotional distress under the laws of Massachusetts, with the harm caused being the emotional distress suffered by Scott.

31. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## FOURTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

32. Plaintiff Scott Bonarrigo incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. Defendants employed unfair or deceptive acts to obtain Plaintiff's consumer Report, in violation of M.G.L. c. 93A § 2; and Defendants tried to reach via telephone Lindsay at home telephone number more than two times in a seven day time period, in violation of 940 CMR 7.04(f).

34. Defendant's failed to respond within thirty days to the demand letter that Plaintiff's legal representation sent to it via certified mail, and its failure to comply with the above provisions constitutes an unfair or deceptive act under M.G.L. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages, in amounts to be determined at trial and for Plaintiffs; and

B. Statutory damages, and double or treble statutory damages pursuant to M.G.L. c. 93A section 9; and

C. Costs and reasonable attorney fees from Defendants; and

D. Punitive damages; and

E. For such other and further relief as the Court may deem just and proper.


Dated: November 11, 2013                RESPECTFULLY SUBMITTED,

                                        CONSUMER RIGHTS LAW FIRM, PLLC

                                        By: /s/ Kevin Crick
                                        Kevin Crick
                                        BBO: 680950
                                        Consumer Rights Law Firm, PLLC
                                        231 Sutton St. Brickstone Square, Suite 1A
                                        North Andover, Massachusetts 01845
                                        Phone: (978) 420-4747
                                        Fax: (978) 409-1486
                                        kevinc@consumerlawfirmcenter.com
                                        **Attorney for Plaintiff**


## VII.   **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Scott Bonarrigo, demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.